Jason M. Drangel (JD 7204)
jdrangel@ipcounselors.com
Ashly E. Sands (AS 7715)
asands@ipcounselors.com
Brieanne Scully (BS 3711)
bscully@ipcounselors.com
Danielle S. Yamali (DY 4228)
dfutterman@ipcounselors.com
EPSTEIN DRANGEL LLP
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone:    (212) 292-5390
Facsimile:    (212) 292-5391
*Attorneys for Plaintiffs*
*Moose Toys Ltd, Moose Toys Pty Ltd,*
*Moose Creative Pty Ltd,*
*Moose Enterprise Pty Ltd and*
*Moose Creative Management Pty Ltd*



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MOOSE TOYS LTD, MOOSE TOYS PTY LTD, MOOSE CREATIVE PTY LTD, MOOSE ENTERPRISE PTY LTD and MOOSE CREATIVE MANAGEMENT PTY LTD, <br><br> *Plaintiffs* <br><br> v. <br><br> BABY&MOMMY K-INGDOM TOY STORE, BLOCKS FIGURES-OFFICIAL STORE, BOYOTECH STORE, CDTOYS STORE, CITY TOY STORE, DAXIAOBAOBEI STORE, DOMIL E-COMMERCE SUPPLY CHAIN MANAGEMENT (SHENZHEN) CO., LTD., DULA BABY STORE, ESUN DROPSHIPPING STORE, HEYFON ONLYONE STORE, HOMEANDHOUSE STORE, HUILE E-COMERCE (SHENZHEN) CO., LTD., I LIFE STORE, JIANGSU KANGYU ARTS&CRAFTS CO.,LTD., JINHUA HENGXIN TOY CO., LTD., JIURUN TOY STORE, LEMOLLY STORE, LET THE CHILDREN HAVE A WORLD STORE, LIVE-LOVING STORE, LOVE LOVE CHILDREN BABY STORE, L-O-V-E-L-Y STORE, MIXLUCKTOY STORE, PINK PIGGY STORE, PROFESSIONAL PRIZE CLAW STORE, RCTOYS DROPSHIPPING | **CIVIL ACTION NO. 21-cv-2370 (GBD)** <br><br>  **PRELIMINARY INJUNCTION ORDER** |

STORE, SHANTOU CHENGHAI SHENMA SCIENCE AND EDUCATION TOYS CO., LTD., SHANTOU JUNFA TRADING CO., LTD., SHENZHEN SFUN TOYS CO., LTD., SHOP910334161 STORE, SHOP910455180 STORE, SHOP911255019 STORE, SHUNSHUN ENVIRONMENTAL TOY STORE, S-I-M-P-L-E STORE, TOP-T-UMBRELLA STORE and ZIZI TOY STORE,

*Defendants*

| Term | Definition |
|------|-----------|
| **Plaintiffs or Moose** | Moose Toys Ltd, Moose Toys Pty Ltd, Moose Creative Pty Ltd, Moose Enterprise Pty Ltd and Moose Creative Management Pty Ltd |
| **Defendants** | Baby&Mommy K-ingdom Toy Store, Blocks Figures-Official Store, BOYOTECH Store, CDTOYS Store, City Toy Store, daxiaobaobei Store, Domil E-Commerce Supply Chain Management (shenzhen) Co., Ltd., DuLa Baby Store, ESUN Dropshipping Store, heyfon onlyone Store, Homeandhouse Store, Huile E-Comerce (Shenzhen) Co., Ltd., I Life Store, Jiangsu Kangyu Arts&crafts Co.,ltd., Jinhua Hengxin Toy Co., Ltd., JiuRun toy Store, Lemolly Store, Let the children have a world Store, Live-loving Store, Love Love children baby store, L-O-V-E-L-Y Store, MIXLuckToy Store, pink piggy Store, Professional Prize Claw Store, RCTOYS Dropshipping Store, Shantou Chenghai Shenma Science And Education Toys Co., Ltd., Shantou Junfa Trading Co., Ltd., Shenzhen Sfun Toys Co., Ltd., Shop910334161 Store, Shop910455180 Store, Shop911255019 Store, ShunShun Environmental Toy Store, S-I-M-P-L-E Store, TOP-T-Umbrella Store and Zizi toy Store |
| **Alibaba** | Alibaba.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress.com, an online marketplace platform that allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiffs' Complaint filed on March __, 2021 |
| **Application** | Plaintiffs' *Ex Parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order |

| | |
|---|---|
| | authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery filed on March , 2021 |
| **Groves Dec.** | Declaration of Michelle Groves in Support of Plaintiffs' Application |
| **Drangel Dec.** | Declaration of Jason M. Drangel in Support of Plaintiffs' Application |
| **Moose Product(s)** | Innovative children's lifestyle products |
| **Moose Brand(s)** | Well-known brands, including Shopkins, Pikmi Pops, The Trash Pack, Glitzi Globes, Little Live Pets, The Ugglys, Chocolate Bar Maker, Beados and The Zelfs, among others |
| **Scruff-a-Luvs Products** | A line of unloved and abandoned mystery pets that are waiting to be rescued and arrive as a sad ball of matted fur, but once bathed and dried, can then be styled with accessories and adopted using their own adoption certificate |
| **Scruff-a-Luvs Mark** | U.S. Trademark Registration No. 5,562,661 for "SCRUFF-A-LUVS" for goods in Class 28 |
| **Counterfeit Products** | Products bearing or used in connection with the Scruff-a-Luvs Mark, and/or products in packaging and/or containing labels bearing the Scruff-a-Luvs Mark, and/or bearing or used in connection with marks that are confusingly similar to the Scruff-a-Luvs Mark and/or products that are identical or confusingly similar to the Scruff-a-Luvs Products |
| **Infringing Listings** | Defendants' listings for Counterfeit Products |
| **User Accounts** | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User |

| | Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
|---|---|
| **Financial Institutions** | Any banks, financial institutions, credit card companies and payment processing agencies, such as PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and other companies or agencies that engage in the processing or transfer of money and/or real or personal property of Defendants |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiffs having moved *ex parte* on March 18, 2021 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiffs' Application on March 18, 2021 ("TRO") which ordered Defendants to appear on April 1, 2021 at 10:30 a.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on March 24, 2021, Plaintiffs filed a letter request to modify and extend the TRO;

WHEREAS, on the same day, March 24, 2021, the Court entered an Order, *inter alia* extending the TRO to April 15, 2021 and adjourning the April 1, 2021 Show Cause Hearing to April 15, 2021 at 9:30 a.m. ("March 24, 2021 Order");

WHEREAS, on April 2, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, all papers filed in support of the Application and the March 24, 2021 Order on each and every Defendant;

WHEREAS, on April 12, 2021, the Court entered an Order adjourning the April 15, 2021 Show Cause Hearing to May 20, 2021 at 11:30 a.m. ("April 12, 2021 Order");

WHEREAS, on April 13, 2021, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the April 12, 2021 Order on each and every Defendant;

WHEREAS, on May 13, 2021, the Court advised Plaintiffs that the May 20, 2021 Show Cause Hearing is indefinitely adjourned and the Court would consider Plaintiffs' application for a preliminary injunction order on their papers.

1

## ORDER

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

      i. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Scruff-a-Luvs Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Scruff-a-Luvs Mark;

      ii. directly or indirectly infringing in any manner Plaintiffs' Scruff-a-Luvs Mark;

      iii. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Scruff-a-Luvs Mark to identify any goods or services not authorized by Plaintiffs;

      iv. using Plaintiffs' Scruff-a-Luvs Mark or any other marks that are confusingly similar to the Scruff-a-Luvs Mark on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

      v. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive

2

members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

vi. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

vii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

viii. knowingly instructing, aiding or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) above and 1(b)(i) through 1(b)(ii) and 1(c)(i) below.

b) Accordingly, the Third Party Service Providers and Financial Institutions are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii) and 1(b)(i) through 1(b)(ii) above.

c) Accordingly, the Third Party Service Providers are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i. providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts;

    ii. secreting, concealing, destroying, altering, selling off, transferring or otherwise

4

disposing of and/or dealing with any computer files, data, business records, documents or any other records or evidence relating to the Defendants' User Accounts, Merchant Storefronts, Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

    iii. knowingly instructing, aiding, or abetting any other person or business entity in engaging in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(vii), 1(b)(i) through 1(b)(ii) and 1(c)(i) through 1(c)(ii) above.

2. As sufficient cause has been shown, the asset restraint granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) within seven (7) days of receipt of notice of this Order, any newly discovered Financial Institutions who are served with this Order shall locate and attach Defendants' Financial Accounts, shall provide written confirmation of such attachment to Plaintiffs' counsel and provide Plaintiffs' counsel with a summary report containing account details for any and all such accounts, which shall include, at a minimum, identifying information for Defendants and Defendants' User Accounts, contact information for Defendants (including mailing addresses and e-mail addresses), account numbers and account balances for any and all of Defendants' Financial Accounts.

3. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

    a) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall

provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

b) Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order, their respective officers, employees, agents, servants and attorneys and all persons in active concert or participation with any of them who receive actual notice of this Order shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

c) Within fourteen (14) days after receiving notice of this Order, all Financial Institutions who receive service of this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, User Accounts and Merchant Storefronts, including, but not limited to, documents and records relating to:

i.    account numbers;

ii.   current account balances;

iii.  any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

iv.   any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

v.    any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation,

6

including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements;

vi. any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number;

vii. any and all User Accounts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts that Defendants have ever had and/or currently maintain;

viii. the identities, location and contact information, including any and all e-mail addresses, of Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them;

ix. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts, a full accounting of Defendants' sales history and listing history under such accounts, and Defendants' Financial Accounts associated with Defendants' User Accounts; and

x. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Scruff-a-Luvs Mark and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Scruff-a-Luvs Mark.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

 i. any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers;

 ii. the identities, location and contact information, including any and all e-mail addresses of Defendants;

 iii. the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

 iv. Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Scruff-a-Luvs Mark and/or marks that

are confusingly similar to, identical to and constitute an infringement of the Scruff-a-Luvs Mark.

4. As sufficient cause has been shown, and pursuant to FRCP 4(f)(3), service may be made on, and shall be deemed effective as to Defendants if it is completed by one of the following means:

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website (including NutStore, a large mail link created through Rmail.com and via website publication through a specific page dedicated to this Lawsuit accessible through ipcounselorslawsuit.com) where each Defendant will be able to download a PDF copy of this Order to Defendants' e-mail addresses as identified by Alibaba and/or AliExpress pursuant to **Paragraph V(C)** of the TRO; or

b) delivery of a message to Defendants through the system for communications established by the Third Party Service Providers on their respective platforms, notifying Defendants that an action has been filed against them in this Court and providing a link to a secure website (such as NutStore or a large mail link created through Rmail.com) where each Defendant will be able to download a PDF copy of this Order.

5. As sufficient cause has been shown, that such alternative service by electronic means ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

6. As sufficient cause has been shown, service of this Order shall be made on and deemed effective as to the Third Party Service Providers and Financial Institutions if it is completed by the following means:

9

a) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PayPal Inc. will be able to download a PDF copy of this Order via electronic mail to PayPal Legal Specialist at EEOMALegalSpecialist@paypal.com;

c) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where AliPay.com Co., Ltd., Ant Financial Services will be able to download a PDF copy of this Order via electronic mail Mr. Di Zhang, Member of the Legal & Compliance Department – IP, at di.zd@alipay.com;

d) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Alibaba will be able to download a PDF copy of this Order via electronic mail to Chloe He, Alibaba Group at chloe.he@alibaba-inc.com;

e) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where Payoneer Inc. will be able to download a PDF copy of this Order via electronic mail to Payoneer Inc.'s Customer Service Management at customerservicemanager@payoneer.com and Edward Tulin, counsel for Payoneer Inc., at Edward.Tulin@skadden.com; and

f) delivery of: (i) a PDF copy of this Order, or (ii) a link to a secure website where PingPong Global Solutions Inc. will be able to download a PDF copy of this Order via electronic mail to PingPong Global Solutions Inc.'s Legal Department legal@pingpongx.com.

7. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

10

8. The $5,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

9. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

10. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

**SO ORDERED.**

SIGNED this 15 day of May, 2021, at 10:30 .m.
New York, New York

MAY 1 8 2021

HON. GEORGE B. DANIELS
UNITED STATES DISTRICT JUDGE

11