UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MOOSE TOYS LTD, MOOSE TOYS PTY LTD,          :
MOOSE CREATIVE PTY LTD, MOOSE                :
ENTERPRISE PTY LTD, and MOOSE CREATIVE       :
MANAGEMENT PTY LTD,                          :
                                             :
                              Plaintiffs,    :
                                             :
                  -against-                  :
                                             :
BABY&MOMMY  K-INGDOM  TOY  STORE,            :
BLOCKS FIGURES-OFFICIAL STORE, BOYOTECH      :
STORE, CDTOYS STORE, CITY TOY STORE,
DAXIAOBAOBEI STORE, DOMIL E-COMMERCE
SUPPLY CHAIN MANAGEMENT (SHENZHEN) CO.,
LTD., DULA BABY STORE, ESUN DROPSHIPPING
STORE,    HEYFON    ONLYONE    STORE,
HOMEANDHOUSE STORE, HUILE E-COMERCE
(SHENZHEN) CO., LTD., I LIFE STORE, JIANGSU
KANGYU ARTS&CRAFTS CO., LTD., JINHUA
HENGXIN TOY CO., LTD., JIURUN TOY STORE,
LEMOLLY STORE, LET THE CHILDREN HAVE A
WORLD STORE, LIVE-LOVING STORE, LOVE
LOVE CHILDREN BABY STORE, L-O-V-E-L-Y
STORE, MIXLUCKTOY STORE, PINK PIGGY
STORE, PROFESSIONAL PRIZE CLAW STORE,
RCTOYS  DROPSHIPPING  STORE,  SHANTOU
CHENGHAI SHENMA SCIENCE AND EDUCATION
TOYS CO., LTD., SHANTOU JUNFA TRADING CO.,
LTD.,  SHENZHEN  SFUN  TOYS  CO.,  LTD.,
SHOP910334161 STORE, SHOP910455180 STORE,
SHOP911255019      STORE,      SHUNSHUN
ENVIRONMENTAL  TOY  STORE,  S-I-M-P-L-E
STORE, TOP-T-UMBRELLA STORE and ZIZI TOY
STORE,
                              Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

MEMORANDUM DECISION
AND ORDER

21-cv-2370 (GBD) (OTW)

GEORGE B. DANIELS, United States District Judge:

Plaintiffs Moose Toys Ltd, Moose Toys Pty Ltd, Moose Creative Pty Ltd, Moose

Enterprise Pty Ltd, and Moose Creative Management Pty Ltd (collectively, "Plaintiffs") brought

this action against thirty-five Defendants alleging that Defendants listed counterfeit products for sale, infringing on Plaintiffs' registered trademark in violation of various provisions of the Lanham Act, 15 U.S.C. § 1051 *et seq.,* and New York unfair competition law.

Before this Court is Magistrate Judge Ona T. Wang's September 19, 2025 Report and Recommendation ("Report") recommending that (1) the order granting default judgment be vacated as to the thirty-two Defendants over which this Court has no personal jurisdiction and that the Certificate of Default be stricken as to these Defendants, with all claims pertaining to these Defendants dismissed without prejudice; (2) Plaintiffs be awarded $50,000 in statutory damages from both Defendant CDTOYS Store and Defendant DuLa Baby Store, totaling $100,000 in statutory damages; and (3) Defendant Live-loving Store be dismissed pursuant to Fed R. Civ. P. 41(a)(1)(A)(i). (Report, ECF No. 43.) No party has filed objections to the Report. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in its entirety.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiffs are five entities that collectively form the "Moose" business, which sells children's toys. (Compl., ECF No. 6 ¶ 11.) One of Plaintiffs' products is a line of toys called "Scruff-a-Luvs." (*Id.* ¶¶ 11, 13.) Plaintiffs hold a valid trademark from the United States Patent Office (Registration No. 5,562,661) entitling them to the exclusive use of the "Scruff-a-Luvs" mark on a variety of goods, including stuffed and plush toys. (*Id.* at 18-21.) Defendants are individuals and/or businesses that are, to Plaintiffs' knowledge, based in China and are operating merchant storefronts on third-party e-commerce platforms. (*Id.* ¶ 31.) Among the products Defendants list for sale are toys that closely resemble Scruff-a-Luvs. (*See* ECF Nos. 16-1, 16-2.) Some of the products Defendants list use the same name, while others are using similar names to Plaintiffs' registered wordmark. (*See, e.g.,* ECF Nos. 16-1 at 3, 110, 117.) Screenshots of

checkout pages for each of the Defendants show the allegedly infringing listings in a shopping cart. (*See* ECF Nos. 6 ¶¶ 39-40, 16-1, 16-2.) Each checkout page lists a shipping address in Manhattan and most of the checkout pages show a button reading "Place Order." (*Id.*) Plaintiffs only provide order confirmations from Defendants CDTOYS Store, DuLa Baby Store, and Live-loving Store. (*See* ECF No. 16-1 at 29, 60, 150.)

On March 18, 2021, Plaintiffs commenced this action. (*See* Compl., ECF No. 6 ¶ 1.) Plaintiffs alleged the following: Defendants counterfeited Plaintiffs' federally-registered trademark in violation of 15 U.S.C. §§ 1114; false designation of origin, passing off and unfair competition in violation of 15 U.S.C. § 1125(a); and unfair competition under New York common law. (*Id.*) Plaintiffs also moved *ex parte* for, *inter alia*, a temporary restraining order, an order restraining Defendants' assets with their financial institutions, an order to show cause why a preliminary injunction should not be used, an order authorizing alternative service of process, and a sealing order. (ECF Nos. 19, 39 ¶ 14.) This Court entered an omnibus order granting all of Plaintiffs' requests. (ECF No. 21.)

On April 2, 2021, Plaintiffs served each Defendant pursuant to the methods of service authorized by this Court's omnibus order – including copies of the order and all documents filed in support of Plaintiffs' motions. (ECF No. 12.) Defendants did not respond to the complaint by the April 23, 2021 deadline. (*See* Docket.)

On December 24, 2021, Plaintiffs filed a notice of voluntary dismissal as to all claims against Defendant Live-loving Store pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i). (ECF No. 25.) The Clerk of Court entered a certificate of default against the remaining thirty-four Defendants on July 29, 2022. (ECF Nos. 28, 30.) On August 1, 2022, Plaintiffs moved for default judgment pursuant to Fed. R. Civ. P. 55(b)(2). (ECF No. 31; *see* Docket.) This Court granted Plaintiffs'

motion and entered default judgment on November 3, 2022. The matter was referred to Magistrate

Judge Wang for an inquest on damages. (Default Judgment Order, ECF No. 36.)

On November 28, 2022, Magistrate Judge Wang directed Plaintiffs to file their proposed

findings of fact and conclusions of law by January 3, 2023, with Defendants' opposition, if any,

due January 24, 2023. (ECF No. 37.) Plaintiffs filed their inquest submissions on January 3, 2023.

(ECF Nos. 39-42.) Defendants have not filed an opposition. (*See* Docket.)

## II.    LEGAL STANDARDS

### A.    Reports and Recommendations

This court "may accept, reject, or modify, in whole or in part, the findings or

recommendations" set forth in a magistrate judge's report. 28 U.S.C. § 636(b)(1)(C). A magistrate

judge's report to which no objections are made is reviewed for clear error. *See Edwards v. Fischer*,

414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006); Fed. R. Civ. P. 72(b) advisory committee's note.

Clear error is present when, "upon review of the entire record, [the court is] left with the definite

and firm conviction that a mistake has been committed." *See United States v. Snow*, 462 F.3d 55,

72 (2d Cir. 2006) (citation and internal quotation marks omitted).

### B.    Personal Jurisdiction

"It is well-established that a default judgment entered by a court that lacks personal

jurisdiction over the parties is void" and subject to vacatur under Fed. R. Civ. P. 60(b)(4). *CKR

L. LLP v. Anderson Invs. Int'l, LLC*, 544 F. Supp. 3d 474, 479 (S.D.N.Y. 2021). A defendant is

subject to personal jurisdiction when: (1) the exercise of personal jurisdiction is authorized by a

state's long-arm statute, and (2) the exercise of personal jurisdiction comports with the Due

Process Clause of the Fourteenth Amendment. *See Int'l Shoe v. Washington*, 326 U.S. 310 (1945);

*see also Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010).

4

The Due Process Clause of the Fourteenth Amendment permits courts to exercise personal jurisdiction over a defendant who meets "minimum contacts" with the forum state. *Int'l Shoe*, 326 U.S. at 316. The minimum contacts requirement is met when the defendant purposefully avails themselves of the privilege of doing business within the forum state such that the defendant could reasonable foresee being hauled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980).

New York C.P.L.R. § 302(a)(1) authorizes a New York state court to exercise specific personal jurisdiction over non-domiciliaries who "transact[] any business within the state" in "cause[s] of action arising from" those transactions. C.P.L.R. § 302(a)(1). This requires that (1) the Defendant must have transacted business within the state; and (2) the claim asserted must arise from that business activity." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 273 (1981)). Unlike under the Fourteenth Amendment, the first requirement under N.Y.C.P.L.R. § 301(a)(1) "requires a transaction" to have taken place. *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 278 (2d Cir. 2004). For the second requirement, "a claim 'aris[es] from' a particular transaction when there is some articulable nexus between the business transacted and the cause of action sued upon, or when there is a substantial relationship between the transaction and the claim asserted." *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (internal citations and quotation marks omitted).

New York C.P.L.R. § 302(a)(3) authorizes personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to person or property within the state if he expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." *Troma Ent., Inc. v. Centennial*

*Pictures Inc.*, 729 F.3d 215, 218 (2d Cir. 2013).    To establish personal jurisdiction under C.P.L.R. § 302(a)(3), "a plaintiff must show that a nondomiciliary derives substantial revenue from either New York or from interstate or international commerce," looking at a defendant's revenue from particular sources and the percentage makeup of a defendant's total revenue from each source. *Id.* Plaintiffs must show that the defendant has made some discernable effort to directly or indirectly serve the New York market. *Id.* (internal quotation marks omitted).

### C.    Lanham Act and New York Unfair Competition Law

The Lanham Act prohibits "use in commerce," without the consent of the registrant, of "any ... counterfeit ... of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods." 15 U.S.C. § 1114(1)(a). The Act defines a "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

Actionable trademark infringement requires that a defendant's use of a plaintiff's registered mark is "likely to cause confusion" among consumers as to the source of defendant's goods. 15 U.S.C. § 1114; *see also Savin Corp. v. Savin Group*, 391 F.3d 439, 456 (2d Cir. 2004). Where the goods in question are counterfeits, a court "need not undertake a factor-by-factor analysis under *Polaroid* because counterfeits, by their very nature, cause confusion." *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003).

15 U.S.C. § 1125 prohibits the use in commerce of "any word, term, name, symbol, or device, or any combination thereof" which "is likely to cause confusion, or to cause mistake, or to deceive ... as to the origin" of the goods in question. 15 U.S.C. § 1125(a)(1).

Unfair competition under New York common law is "the bad faith misappropriation of the labors and expenditures of another, likely to cause confusion or to deceive purchasers as to the origin of the goods." *Jeffrey Milstein, Inc. v. Greger, Lawlor, Roth, Inc.*, 58 F.3d 27, 34 (2d Cir.

1995) (citations omitted). A plaintiff satisfies the requirements of common law unfair competition by stating a successful Lanham Act unfair competition claim, coupled with a showing of defendant's bad faith. *See Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 424 (S.D.N.Y. 2018) (citing *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 149 (2d Cir. 1997)). Bad faith is presumed when defendant uses a counterfeit mark. *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 599 (S.D.N.Y. 2010).

**D.    Damages**

A court may award statutory damages ranging between $1,000 to $200,000 per counterfeit mark for each type of goods or services sold. 15 U.S.C. § 1117(c)(1). If a district court concludes that defendants' use of a counterfeit mark was willful, statutory damages are capped at $2,000,000 per counterfeit mark per type of good sold or offered for sale, "as the court considers just." 15 U.S.C. § 1117(c)(2). The standard for willfulness "is simply whether the defendant had knowledge that its conduct represented infringement or perhaps recklessly disregarded the possibility." *Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.*, 996 F.2d 1366, 1382 (2d Cir. 1993). Willfulness may be inferred when the products in question are clearly counterfeit. *See Coach, Inc. v. Melendez*, 10-CV-6178 (BSJ) (HBP), 2011 WL 4542971, at *5 (S.D.N.Y. Sept. 2, 2011), *report and recommendation adopted*, 10-CV-6178 (BSJ) (HBP), 2011 WL 4542717 (S.D.N.Y. Sept. 30, 2011).

**III.    THE REPORT IS ADOPTED IN ITS ENTIRETY**

**A.    Defendants CDToys Store and DuLa Baby Store are Each Liable to Plaintiffs Under the Lanham Act and New York Unfair Competition Law.**

*i.    Personal Jurisdiction is proper over Defendants CDToys Store and DuLa Baby Store.*

Magistrate Judge Wang properly determined that this Court has personal jurisdiction over Defendants CDToys Store and DuLa Baby Store. Personal jurisdiction over a defendant is proper

when the exercise of personal jurisdiction is authorized by a state's long-arm statute and when it comports with the Due Process Clause of the Fourteenth Amendment. *See Int'l Shoe v. Washington*, 326 U.S. 310 (1945); *see also Chloe v. Queen Bee of Beverly Hills, LLC*, 616 F.3d 158, 163-64 (2d Cir. 2010). The Due Process Clause of the Fourteenth Amendment permits courts to exercise personal jurisdiction over a defendant who meets "minimum contacts" with the forum state. *Int'l Shoe*, 326 U.S. at 316. The minimum contacts requirement is met when the defendant purposefully avails themselves of the privilege of doing business within the forum state such that the defendant could reasonable foresee being hauled into court there. *World-Wide Volkswagen Corp. v. Woodson*, 444 U.S. 286, 297 (1980). Under New York's long-arm statute, C.P.L.R. § 302(a)(1) authorizes a New York state court to exercise personal jurisdiction over defendants when they transact business in the state and the claim asserted arises from that business activity. *Sole Resort, S.A. de C.V. v. Allure Resorts Mgmt., LLC*, 450 F.3d 100, 103 (2d Cir. 2006) (citing *McGowan v. Smith*, 52 N.Y.2d 268, 273 (1981)).

Here, Judge Wang appropriately determined that personal jurisdiction is proper over Defendants CDToys Store and DuLa Baby Store. Plaintiffs plead that these Defendants accepted a payment for the allegedly counterfeit products and agreed to ship them to New York (ECF 16-1 at 31, 62). Therefore, the Report properly found that by accepting payment for the allegedly counterfeit products and agreeing to ship them to New York, these two Defendants engaged in transactions whereby they "purposefully availed" themselves of the privileges of conducting activities in New York. (Report at 12; *Spin Master*, 463 F. Supp. 3d at 363.) The record supports a nexus between these transactions and Plaintiffs' claims. Because Plaintiffs established that Defendants CDToys Store and DuLa Baby Store transacted business and purposefully availed

themselves to New York and its residents, personal jurisdiction under § 302(a)(1) is proper over these Defendants.

     ii.    *Defendants CDToys Store and DuLa Baby Store are liable to Plaintiffs for trademark counterfeiting, infringement, and unfair competition.*

The Report properly concluded that Defendants CDToys Store and DuLa Baby Store are liable for Plaintiffs' trademark counterfeiting, infringement, and unfair competition claims. The Lanham Act prohibits "use in commerce," without the consent of the registrant, of "any . . . counterfeit of a registered mark in connection with the sale, offering for sale, distribution, or advertising of goods." 15 U.S.C. § 1114(1)(a). A counterfeit is defined as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

Here, Plaintiffs have a valid registered trademark entitling them to the exclusive use of the "Scruff-a-Luvs" mark on plush toys and the like. (*See* Compl. at 18-21.) Plaintiffs did not give Defendants permission to use their mark. (ECF 6 at ¶ 37). Plaintiffs allege that these Defendants sell products that are "nearly indistinguishable" from Plaintiffs' Scruff-a-Luvs products, with "only minor variations" that no ordinary customer would recognize. (*Id.*; ECF 6 ¶ 38.) The record supports Judge Wang's determination that Defendants CDTOYS Store and DuLa Baby Store list products with some combination of color, shape, design, logo placement, and name substantially indistinguishable from Plaintiffs' Scruff-a-Luvs products. Therefore, Defendants CDTOYS Store and DuLa Baby Store are liable for Plaintiffs' trademark counterfeiting claims.

A trademark infringement claim requires that the defendant's use of a plaintiff's registered mark is "likely to cause confusion" regarding the source of the defendant's goods. 15 U.S.C. § 1114. Counterfeit goods, by their very nature, cause confusion. *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 286 F. Supp. 2d 284, 287 (S.D.N.Y. 2003). The record supports Judge Wang's determination that Defendants CDToys Store and DuLa Baby Store are offering for sale counterfeit

versions of Plaintiff's products bearing colorable imitations of Plaintiffs' federally registered mark. *See Spin Master*, 463 F. Supp. 3d at 369. Therefore, Defendants CDToys Store and DuLa Baby Store are liable to Plaintiffs for trademark infringement.

15 U.S.C. § 1125 prohibits in use of commerce of "any word, term, name, symbol, or device, or any combination whereof" which "is likely to cause confusion, or to cause mistake, or to deceive . . . as to the origin" of the goods in question. 15 U.S.C. § 1125(a)(1). Such false designation of origin can be of any attribute likely to cause confusion and is thus not limited to federally registered marks. *See EMI Catalogue Partnership v. Hill, Holliday, Connors, Cosmopulos, Inc.*, 228 F.3d 56, 61 (2d Cir. 2000). Judge Wang did not err in determining that the counterfeit goods bearing Plaintiffs' federally registered mark are likely to cause consumer confusion regarding their source. Defendants CDTOYS Store and DuLa Baby Store are therefore liable for unfair competition under § 1125.

A plaintiff satisfies the requirements of New York common law unfair competition by stating a successful Lanham Act unfair competition claim and a showing of bad faith. *See Spin Master Ltd. v. Alan Yuan's Store*, 325 F. Supp. 3d 413, 424 (S.D.N.Y. 2018) (citing *Genesee Brewing Co. v. Stroh Brewing Co.*, 124 F.3d 137, 149 (2d Cir. 1997)). Bad faith is presumed when defendant uses a counterfeit mark. *Fendi Adele S.R.L. v. Burlington Coat Factory Warehouse Corp.*, 689 F. Supp. 2d 585, 599 (S.D.N.Y. 2010). Here, the record supports the Report's conclusion that Plaintiffs successfully established Lanham Act claims for the use of a counterfeit mark and unfair competition. Therefore, Judge Wang appropriately determined that Defendants are also liable for unfair competition under New York common law.

*iii.   Damages*

Plaintiffs have elected to seek statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $50,000 per Defendant and are not seeking damages under New York unfair

competition law.  (ECF No. 40 at 11.)  Due to Defendants' willful conduct infringing upon Plaintiffs' wordmark, this Court accordingly finds Judge Wang's recommendation of $50,000 in statutory damages from each Defendant just.

**B.    Defendant Live-loving Store is Dismissed with Prejudice**

Where a plaintiff seeks voluntary dismissal pursuant to Fed. R. Civ. P. 41(a)(1)(A)(i), it is effective and no court action is required so long as the defendant has not served an answer or a motion for summary judgment. *See Lalli v. Warner Bros. Discovery, Inc.*, 24-cv-3178, 2025 WL 357774, at *1 (S.D.N.Y. Jan. 31, 2025).   Here, Plaintiffs filed a notice of voluntary dismissal seeking to dismiss all claims against Defendant Live-loving Store with prejudice and without costs on December 21, 2021.  (ECF No. 25.)  Defendant Live-loving Store has not filed an answer, motion to dismiss, or motion for summary judgment. (*See* Docket.)  Because there is no indication that dismissal was sought to avoid this Court's jurisdiction, and none of the Defendants have filed a motion to dismiss or motion for summary judgment, Plaintiff's voluntary dismissal was effective upon filing.  Accordingly, this Court agrees with Judge Wang's recommendation and directs the Clerk of Court to terminate Defendant Live-loving Store from the docket pursuant to the notice of voluntary dismissal at ECF No. 25.

**C.    The Default Judgment Order is Vacated as to the Remaining Thirty-Two Defendants Over Which This Court has No Personal Jurisdiction.**

Judge Wang appropriately determined that this Court does not have personal jurisdiction over the remaining thirty-two Defendants in this case; therefore, the Default Judgment Order is vacated as to these Defendants.  Under C.P.L.R. 302(a)(1), a New York state court may exercise personal jurisdiction over non-domiciliaries who "transact[] any business within the state" in "cause[s] of action arising from" those transactions.  C.P.L.R. § 302(a)(3) authorizes personal jurisdiction over a non-domiciliary who "commits a tortious act without the state causing injury to

person or property within the state if he expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." *Troma Ent., Inc. v. Centennial Pictures Inc.*, 729 F.3d 215, 220 (2d Cir. 2013). A plaintiff must show that a defendant should have expected consequences in New York where the defendant has made some discernable effort to either directly or indirectly serve the New York market. *Paige v. Digital Bus. Networks Alliance, Inc.*, 24-CV-3169 (KMK), 2025 WL 753952, at *9 (S.D.N.Y. Mar. 10, 2025).

Here, personal jurisdiction under C.P.L.R. § 302(a)(1) is not proper over the remaining thirty-two Defendants in this case because Plaintiffs do not plead that Defendants completed a transaction for the allegedly counterfeit goods. The Report accurately determined that more than accessing the Defendants' website from the forum state is needed to confer personal jurisdiction under N.Y.C.P.L.R. § 302(a)(1). (Report at 19). Plaintiffs have not established any sales by these Defendants to a New York customer. Evidence of check out pages does not establish that these Defendants made some "discernable effort" to serve the New York market to establish personal jurisdiction under C.P.L.R. § 302(a)(3). As Judge Wang properly concluded, plaintiffs do not show sales, exchange of funds, or communications from the remaining thirty-two Defendants to establish personal jurisdiction under this Court pursuant to C.P.L.R. § 302(a)(1). Therefore, the Default Judgment Order is VACATED as to the remaining thirty-two Defendants over which this Court has no personal jurisdiction, and all claims against these Defendants are DISMISSED without prejudice.

## IV.    CONCLUSION

Magistrate Judge Wang's Report is ADOPTED in its entirety. The Default Judgment Order is VACATED as to the thirty-two Defendants over which this Court has no personal

jurisdiction and the Certificate of Default is STRICKEN as to these Defendants only.  All claims

as to these Defendants are DISMISSED without prejudice.

       Defendant Live-loving Store is DISMISSED with prejudice in accordance with ECF No.

25.

       Defendants CDToys Store and DuLa Baby Store are each liable to Plaintiffs for $50,000

in statutory damages, totaling $100,000 in statutory damages.

Dated: **NOV 1 3 2025**
      New York, New York

                              SO ORDERED.

                              *George B. Daniels*

                              GEORGE B. DANIELS
                              United States District Judge